IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOANNA MANUEL     PLAINTIFF

vs.     Civil No. 2:17-cv-02089

NANCY A. BERRYHILL     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Joanna Manuel ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits "(DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed applications for DIB and SSI. (Tr. 362). Plaintiff alleged she was disabled due to bulging discs in the neck, depression, anxiety, and migraines. (Tr. 126). Plaintiff alleged an onset date of November 12, 2010. (Tr. 123). These applications were denied initially and again upon reconsideration. (Tr. 362). Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

applications and this hearing request was granted. *Id.*

Following Plaintiff's initial administrative hearing on December 19, 2012, the ALJ entered an unfavorable decision which was reversed and remanded by the U.S. District Court for the Eastern District of Oklahoma. (Tr. 9-21, 452-464). Following remand, Plaintiff had an administrative hearing on January 26, 2017. (Tr. 407-428). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Debra Steele testified at this hearing. *Id.* At the time of this hearing, Plaintiff was thirty-three (33) years old and had a GED. (Tr. 410).

On May 4, 2017, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 362-373). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 364, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 12, 2010. (Tr. 364, Finding 2).

The ALJ determined Plaintiff had the severe impairments of disorder of the spine, carpal tunnel syndrome, anxiety, depression, and a personality disorder. (Tr. 364, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 365, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 366-371). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work activity except is able to frequently fingering, handling, and

reaching; occasionally climb, balance, crawl, kneel, stoop, and crouch; and can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed, and where supervision is simple, direct, and concrete. (Tr. 366, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 371, Finding 6). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 372, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as tube clerk with 205 such jobs in the state and 31,255 such jobs in the nation, addressing clerk with 180 such jobs in state and 30,390 such jobs in the nation, and type copy examiner with 150 such jobs in the state and 12,225 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from November 12, 2010, through the date of the decision. (Tr. 373, Finding 11).

On June 2, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination and (B) in the Step 5 determination. ECF No. 13, Pgs. 13-20. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

#### A. RFC

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and

5

for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work activity except is able to frequently fingering, handling, and reaching; occasionally climb, balance, crawl, kneel, stoop, and crouch; and can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed, and where supervision is simple, direct, and concrete. (Tr. 366, Finding 5). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 13, Pgs. 14-19. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not provided any medical evidence or other evidence demonstrating the ALJ erred in assessing her limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Plaintiff argues the ALJ failed to account for her carpel tunnel syndrome, migraines, fibromyalgia, and mental limitations. However, the ALJ's RFC determination accounts for them. To begin with, Plaintiff did not allege being disabled based on carpal tunnel syndrome in her application. (Tr. 126). Additionally, medical evidence does not support her carpel tunnel syndrome being a disabling condition. Multiple medical reports showed Plaintiff with normal grip strength. (Tr. 588, 595, 601, 606, 612). Also, an x-ray of Plaintiff's hands on April 25, 2014 was

unremarkable. (Tr. 621). Plaintiff did undergo a right carpel tunnel release on March 16, 2015. (Tr. 690). However, follow-up reports showed normal sensation in her right hand, numbness and tingling being resolved, and four/five grip strength. (Tr. 679, 681).

Further, the determination of whether a claimant has a "severe" impairment is based upon the medical evidence. *See Bowen v. Yuckert,* 107 S.Ct. 2287, 2292 (1987). Here, the medical records Plaintiff references in her briefing do not support her claim that she is disabled due to migraines, fibromyalgia, and mental limitations. Thus, the Court finds the ALJ's assessment of Plaintiff's migraines, fibromyalgia, and mental limitations is supported by substantial evidence in the record.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**B. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform sedentary work activity except is able to frequently fingering, handling, and reaching; occasionally climb, balance, crawl, kneel, stoop, and crouch; and can perform simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to the work performed, and where supervision is simple, direct, and concrete. (Tr. 366, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 424-426). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 372, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 373, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812,

815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true).  The VE stated jobs existed for the vocational profile of the Plaintiff.  Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **19th day of April 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE